UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
TED BOWMAN,                                         :        CASE NO.: 1:07-cv-00900
                                                    :
                    Plaintiff,                      :
                                                    :
vs.                                                 :        OPINION & ORDER
                                                    :        [Resolving Docs. No. 16]
CITY OF MIDDLEBURG HTS., OHIO,                      :
                                                    :
                    Defendant.                      :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        With this Opinion and Order, the Court considers whether to grant Defendant City of

Middleburg Heights' ("City") motion for summary judgment pursuant to Rule 56(b) of the Federal

Rules of Civil Procedure.  [Docs. 16, 20.]   Plaintiff Ted Bowman opposes Defendant's motion.

[Doc. 19.]

        For the reasons stated below, the Court **GRANTS** City's motion for summary judgment on

Plaintiff's federal claims and remands his state law claims.


                                    **I. Background**

        On February 24, 2005, a Middleburg Heights police officer stopped and cited Plaintiff

Bowman for operating an overweight commercial vehicle in a "no truck" zone in violation of

Middleburg Heights Municipal Code Section 440.01(b) ("Ordinance").  [Doc. 16.]  At the time,

Bowman was transporting materials from a business in Middleburg Heights to a job site in Parma.

[*Id.*]  He strayed from the designated truck route when he proceeded on Bagley Road after an

intersection with a sign directing commercial vehicles to turn left or right.  [*Id.*]

        On April 12, 2005, a jury convicted Plaintiff Bowman for this violation.  [Doc. 16, Part 3.]

Case No. 1:07-cv-00900
Gwin, J.

He then appealed to the Cuyahoga County Court of Appeals, Eighth Appellate District.  [*Id.*]  On

November 21, 2006, the Court of Appeals affirmed his conviction.  [*Id.*]  *City of Middleburg Hts.*

*v. Bowman*, 2006 Ohio 5582 (8th Dist. 2006).  Bowman then pursued two courses of action.

First, he appealed the Court of Appeals decision to the Supreme Court of Ohio with three

claims.  [Doc. 16, Part 3.]  First, he challenged the authority of the City to enact the Ordinance.  [*Id.*]

Second, he stated that he was denied a fair trial in the state court proceedings.  [*Id.*]  Finally, he

claimed the Ordinance was unconstitutionally vague.  [*Id.*]  On April 18, 2007, the Supreme Court

of Ohio declined jurisdiction to hear the case and dismissed the appeal "as not involving any

substantial constitutional question."  [Doc. 5, Part 2.]  *Middleburg Hts. v. Bowman*, 864 N.E.2d 653

(2007).  Bowman did not appeal to the United States Supreme Court.

Second, Plaintiff Bowman initiated this class action with seven counts.  [Doc. 1.]  In Counts

I, II, III, IV and VI, Bowman again challenges the authority of Middleburg Heights to enact and

enforce the Ordinance as it did against Bowman under Ohio statutory and constitutional law.  [*Id.*]

In Counts V and VII, he questions the constitutionality of the Ordinance and its application to him

under the federal Constitution.  He brings this claim under Section 1983 of Title 42 of the United

States Code.  [*Id.*]  In Count V, he says the law is void for its vagueness.  [*Id.*]  In Count VII, he

claims that the City violated his Fourth, Fifth and Fourteenth Amendment rights.  [*Id.*]

## II.  Legal Standard for Summary Judgment

A court appropriately grants summary judgment where the evidence submitted shows "that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law."  FED. R. CIV. P. 56(c).  The moving party has the initial burden of showing the

absence of a genuine issue of material fact as to an essential element of the non-moving party's case.

Case No. 1:07-cv-00900
Gwin, J.

*Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001).  A fact is material if its resolution will affect the outcome of the lawsuit.  *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Once the moving party satisfies its burden, the non-moving party must set forth specific facts showing a triable issue. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

In deciding a motion for summary judgment, a court views the factual evidence and draws all reasonable inferences in favor of the non-moving party.  *Nat'l Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997).  Ultimately, a court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (citations omitted).

### III.  Analysis

Viewing the facts in the light most favorable to Bowman, the non-moving party, the Court finds that Plaintiff and his class's federal claims fail as a matter of law.  The Court then remands Plaintiff's state law claims.

The Court begins by raising some initial concerns regarding Plaintiff's complaint.  First, to the extent Bowman is indirectly appealing his state conviction, the proper forum for that appeal is the United State Supreme Court, not the lower federal courts.  *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (explaining that "under what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."); *see also Estelle v. McGuire,* 502 U.S. 62, 67-8 (1991) (reemphasizing "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and "a federal

-3-

Case No. 1:07-cv-00900
Gwin, J.

court is limiting to deciding whether a conviction violated the Constitution, laws or treaties of the United States").

Moreover, with concerns of "finality and consistency" in mind, federal courts may not hear a constitutional challenge that could render the prior related state conviction invalid: "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction . . . has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 485-87 (1994).  A plaintiff raising constitutional questions related to his conviction must prove "that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . " *Id.*; *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005) (Plaintiff stated no valid § 1983 claim for excessive use of force because success on the claim would have invalidated state misdemeanor assault conviction). Bowman's conviction has not been so invalidated, and he has not brought, or succeeded with a habeas corpus action.

Here, Plaintiff Bowman's claims include attacks against his state court conviction together with more general attacks against future enforcement of the Ordinance.  With regard to  Plaintiff Bowman's efforts to overturn his conviction, the claim fails under the *Heck* rule.  The Court now considers Bowman's Section 1983 claims as they relate to future enforcement.

**A. Plaintiff Bowman Does Not State a Constitutional Claim Capable of Redress Under Section 1983**

Section 1983 of Title 42 of the United States Code ("Section 1983") provides:

-4-

Case No. 1:07-cv-00900
Gwin, J.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983.

The purpose of a Section 1983 award is to "interpose the federal courts between the States and the people, as guardians of the people's federal rights." *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). Section 1983 is not an independent source of substantive rights; it "does not provide redress even if the plaintiff's common law rights have been violated and even if remedies under state law are inadequate." *E.g., Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (citing *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994)). Plaintiffs must show a deprivation of a federal constitutional or statutory right to succeed under Section 1983. *Id.*

In his complaint, Bowman raises five federal constitutional challenges to the enactment and application of Middleburg Heights Municipal Code Section 440.01(b). [Doc. 1.] In Count V, he asks the Court to declare the Ordinance "constitutionally void-for-vagueness." [Id.] In Count VII, he claims the City, "in charging plaintiff with criminal conduct," violated his Fourth, Fifth and Fourteenth Amendment rights by denying him equal protection of the laws; violating his right to be free from unlawful search and seizure; invading his right to privacy; and depriving him of liberty and property without due process of law. [Id.]

Based on the Court's conclusions that each of Bowman's five federal constitutional claims lack merit, the Court grants Defendant's motion for summary judgment.

**1. Vagueness Claim**

A court may invalidate a vague criminal law for two reasons: "First, [the law] may fail to

Case No. 1:07-cv-00900
Gwin, J.

provide the kind of notice that will enable ordinary people to understand what conduct it prohibits;
second, it may authorize and even encourage arbitrary and discriminatory enforcement." *City of
Chicago v. Morales*, 527 U.S. 41, 56 (1999).  Further, "it is well established that vagueness
challenges to statutes which do not involve First Amendment freedoms must be examined in light
of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92 (1975) (citing *United
States v. Mazurie*, 419 U.S. 544, 550 (1975)).  Thus, the challenger "bears the burden of establishing
that the statute is vague as applied to his particular case, not merely that the statute could be
construed as vague in some hypothetical situation." *United States v. Krumrei*, 258 F.3d 535, 537 (6th
Cir. 2001) (citing *United States v. Avant*, 907 F.2d 623, 625 (6th Cir. 1990)).

> The City of Middleburg Heights Municipal Code Section 440.01(b) provides:
>
> No person shall operate a vehicle . . . exceeding a gross weight of five tons, upon any
> street in the Municipality other than a State route, except those local streets designated
> as truck routes and marked as such by appropriate traffic signs, and except when such
> operation is necessary to load or unload property, to go to or from the usual place of
> storage of such vehicle or to perform any other legitimate business or act other than
> passage through the Municipality.  Operators of vehicles so deviating from either a
> State route or a designated truck route within the Municipality shall confine such
> deviation to that required in order to accomplish the purpose of the departure.

MIDDLEBURG HEIGHTS, OHIO, CODE § 440.01(b).

The Plaintiff claims the final sentence is unconstitutionally vague.  [Doc. 1.]  In this sentence,
the Ordinance only permits deviations "required in order to accomplish the purpose of the departure."
MIDDLEBURG HEIGHTS, OHIO, CODE § 440.01(b).  Webster's dictionary defines a "requirement" as
a "necessity" and as an "essential condition."  WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY
1929 (1981).  The "required" limitation on deviations is hardly vague.  In fact, the Court of Appeals
applies the same meaning of "requirement" as the dictionary does with its use of the synonym,
"necessity."  [Doc. 16, Part 3.]

-6-

Case No. 1:07-cv-00900
Gwin, J.

Bowman claims that he was "not in violation of the code section because he was operating the vehicle for a legitimate business or act, namely to and from a Middleburg Heights business location to a job site in Parma." *Id.* As earlier discussed, this Court does not sit to entertain appeals from state court convictions. To the extent that Bowman challenges future enforcement of the ordinance, the municipal code section specifically confines such a deviation "to that required in order to accomplish the purpose of the departure." Future application of the Ordinance against Bowman cannot be restrained on vagueness grounds where the departure from the truck route is "not a matter of necessity" to reach a destination, but "rather a matter of convenience." *Id.*

The meaning of "required" is not vague, and the Ordinance does not present the two *Morales* concerns. First, ordinary people are likely to understand that they may only drive overweight trucks in the "no truck" zone to the extent necessary. This Court agrees that Bowman's use of Bagley Road was "not a matter of necessity . . . , but rather a matter of convenience"; Bowman admitted that there are other routes he had taken through Middleburg Heights. [*Id.*] As applied to situations like that of Bowman's, the Ordinance is clear. Second, Bowman presents no facts to raise concerns of arbitrary and discriminatory enforcement of the Ordinance.

Without more, the Court does not find the Ordinance void for vagueness.

**2. Equal Protection Claim**

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. It stands for the principle that "States must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). This equality principle is in tension with "the practical necessity that most legislation

-7-

Case No. 1:07-cv-00900
Gwin, J.

classifies for one purpose or another, with resulting disadvantage to various groups or persons."
*Romer v. Evans*, 517 U.S. 620, 631 (1996) (citing *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 271-72 (1979); *F.S. Royster Guano Co. v. Va.*, 253 U.S. 412, 415 (1920)).

Thus, a court will uphold a legislative classification that "neither burdens a fundamental right nor targets a suspect class" if "it bears a rational relation to some legitimate end." *Romer*, 517 U.S. at 631 (citing *Heller v. Doe*, 509 U.S. 312, 319-20 (1993)).  Laws reviewed under the rational basis test are entitled to a "strong presumption of validity." *Vacco*, 521 U.S. at 800 (citing *Heller*, 509 U.S. at 319).  If the Court finds any "plausible reasons" for the classification, articulated or not by the legislature, its "inquiry is at an end." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313-14 (1993) (citing *R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980)).

Plaintiff Bowman claims the City denies him equal protection of the laws.  [Doc. 1.]  Because he offers nothing more to support his claim, the Court assumes he believes the Ordinance contains an impermissible classification.  The Ordinance distinguishes between those operating vehicles in "no truck" zones "exceeding a gross weight of five tons" and those operating vehicles that weigh five tons or less (subject to minor exceptions). MIDDLEBURG HEIGHTS, OHIO, CODE § 440.01(b).

Because the classification neither burdens a fundamental right nor targets a suspect class, the Ordinance is subject to rational basis review.  *See Romer*, 517 U.S. at 631.  The Court finds "plausible reasons" to support the Ordinance: cities must and often do regulate their roads for rational purposes ranging from road maintenance to community safety.  Further, "the Constitution affords a great deal of deference" to legislatures "in creating statutory classifications for legitimate social or economic purposes." *Borman's, Inc. v. Mich. Prop. & Cas. Guar. Ass'n*, 925 F.2d 160, 162 (6th Cir. 1991); *see also F.C.C.*, 508 U.S. at 313; *see also Hauge v. Chicago*, 299 U.S. 387 (1937) (holding

-8-

Case No. 1:07-cv-00900
Gwin, J.

that Chicago ordinances requiring trucks carrying loads sold by weight to be weighed did not violate

the Fourteenth Amendment and were not discriminatory).  Moreover, under such minimal scrutiny,

it is not for the Court to "judge the [law's] wisdom, fairness, or logic."  *F.C.C.*, 508 U.S. at 313.  It

is sufficient that the classification rationally relates to a plausible, legitimate end, and the Court finds

that the Ordinance satisfies this low threshold.

Without more, Plaintiff Bowman pleads no constitutional violation under the Equal Protection

Clause.

## 3.  Search and Seizure Claim

The Fourth Amendment establishes "the right of the people to be secure in their persons,

houses, papers and effects, against unreasonable searches and seizures" performed by the

government.  U.S. CONST. amend. IV.  This protection extends to investigatory stops of vehicles.

*United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citing *Terry v. Ohio*, 392 U.S. 1, 9 (1968); *United

States v. Cortez*, 449 U.S. 411, 417 (1981)).  An officer complies with the Fourth Amendment if he

has reasonable suspicion to believe that criminal activity "may be afoot."  *Id.* (citing *United States

v. Sokolow*, 490 U.S. 1, 7 (1989)).  A court makes a "reasonable suspicion" determination by looking

at the "totality of the circumstances" of each case to see whether the officer has a "particularized and

objective basis" for suspecting legal wrongdoing.  *See, e.g.*, *Cortez*, 449 U.S. at 417-18.  Although

an officer's mere "hunch" insufficiently justifies a stop, *Terry*, 392 U.S. at 27, "the likelihood of

criminal activity need not rise to the level of probable cause, and it falls considerably short of

satisfying a preponderance of the evidence standard," *Arvizu*, 534 U.S. at 274 (citing *Sokolow*, 490

U.S. at 7).

Case No. 1:07-cv-00900
Gwin, J.

As earlier described, *Heck v. Humphrey* stops a § 1983 plaintiffs from advancing claims that, if successful, "would necessarily imply the invalidity" of a prior conviction or sentence. *Heck*, 512 U.S. at 487. In contrast, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id*. Here, Bowman's Fourth Amendment challenge directly implicates his criminal conviction. Because success with his Fourth Amendment claim that he was unlawfully stopped is central to the validity of his criminal conviction, *Heck* stops this claim. *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). Finding Bowman's Fourth Amendment claim directly challenges his criminal conviction, the Court denies this claim.

**4. Substantive Due Process Right to Privacy Claim[1/]**

Substantive due process protects "specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action." *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988). It encompasses those rights "so rooted in the traditions and conscience of our people as to be ranked as fundamental," *Snyder v. Mass.*, 291 U.S. 97, 105 (1934), and "implicit in the concept of ordered liberty," such that "neither liberty nor justice would exist if they were sacrificed," *Palko v. Conn.*, 302 U.S. 319, 325-26 (1937). *Wash. v. Glucksberg*, 521 U.S. 702, 720-21 (1997). The liberties specially protected by the Due Process Clause include the rights:

> to marry, *Loving v. Virginia*, 388 U.S. 1 (1967); to have children, *Skinner v. Oklahoma ex. rel. Williamson*, 316 U.S. 535 (1942); to direct the education and

---

[1/]Plaintiff Bowman alleges violations of "the right to privacy in his person against unreasonable intrusion guaranteed by the Fourth and Fifth Amendments." Plaintiff's Fourth Amendment claim has already been addressed above.

Case No. 1:07-cv-00900
Gwin, J.

> upbringing of one's children, *Meyer v. Nebraska*, 262 U.S. 390 (1923); *Pierce v. Society of Sisters*, 268 U.S. 510 (1925); to marital privacy, *Griswold v. Connecticut*, 381 U.S. 479 (1965); to use contraception, *ibid*; *Eisenstadt v. Baird*, 405 U.S. 438 (1972); to bodily integrity, *Rochin v. California*, 342 U.S. 165 (1952); and to abortion, *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 851 (1992).

*Id.* at 720.

The right to "personal privacy" is "one aspect of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment." *Littlejohn v. Rose*, 768 F.2d 765, 768 (6th Cir. 1985) (citing *Roe v. Wade*, 410 U.S. 113, 152 (1973)).  The Supreme Court described this right:

> These matters, involving the most intimate and personal choices a person may make in a lifetime, choices central to personal dignity and autonomy, are central to the liberty protected by the Fourteenth Amendment.  At the heart of liberty is the right to define one's own concept of existence, of meaning, of the universe, and of the mystery of human life. Beliefs about these matters could not define the attributes of personhood were they formed under compulsion of the State.

*Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 851 (1992).

Bowman appears to assert a right to privacy in driving large trucks on any public road. However, the fundamental rights associated with the right to privacy implicate deeply personal and familial matters rather than civic matters.  *See Littlejohn*, 768 F.2d  at 768.  The right to drive an overweight truck on a public road in a "no truck" zone is a far cry from the intimacy characterizing the right to privacy described above.

Thus, Bowman's right to privacy claim fails as well.

**5.  Procedural Due Process Claim**

The Fourteenth Amendment guarantees procedural due process by prohibiting the

-11-

Case No. 1:07-cv-00900
Gwin, J.

government from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1; *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). Procedural due process promises that such deprivations of life, liberty, or property will "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)).

A court addresses procedural due process questions in two steps. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989) (modified by *Sandin v. Conner*, 515 U.S. 472, 480-82 (1995)). The first asks whether a state actor has interfered with a life, liberty, or property interest of the plaintiff. *Id.* (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972)). The second examines the constitutional sufficiency of the procedures attendant upon that deprivation. *Id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)).

Here, Plaintiff Bowman claims that the City, acting pursuant to the Ordinance, violated his "right to be free from deprivation of liberty and property without due process." [Doc. 1.] On February 24, 2005, a City officer stopped and cited Bowman for driving an overweight truck in a "no truck" zone. [Doc. 16.] At trial, Bowman admitted his truck weighed approximately 26,800 pounds, a weight exceeding the Ordinance's limit of five tons. [Doc. 16, Part 3.] On April 12, 2005, a jury convicted and fined Plaintiff Bowman $785.00 plus court costs for violating the Ordinance. [Doc. 16, Part 3.]

Bowman then appealed his conviction to the Cuyahoga County Court of Appeals, Eighth Appellate District, stating three assignments of error. [*Id.*] In his first two assignments of error, Bowman argued the evidence adduced at trial was insufficient to convict him. [*Id.*] In response, the

Case No. 1:07-cv-00900
Gwin, J.

Court of Appeals noted Bowman's admissions of the weight of his truck and presence on Bagley Road at the time of citation.  [*Id.*]  The Court also found that Bowman's use of the road was "not a matter of necessity . . . , but rather a matter of convenience"; thus, Bowman did not fall within any of the Ordinance's exceptions.  [*Id.*]

In his third assignment of error to the Ohio Court of Appeals, Bowman asserted, "The trial court erred to the prejudice of defendant in rescheduling without notice, in one day, a trial date without providing opportunity to defendant to obtain compulsory attendance of subpoenaed witnesses." [*Id.*]  Bowman claimed the April 11, 2005 rescheduling of his trial date from April 14, 2005 to April 12, 2005 prevented him from using two witnesses he subpoenaed on April 4, 2005. [*Id.*]  The Court of Appeals responded that the clerk had provided two notices to Bowman: one notice indicating an April 14, 2005 trial date and a second noting April 12 and 13, 2005 back-up dates.  [*Id.*]  The Court of Appeals also found no evidence in the record that Bowman served two subpoenas on April 4, 2005 listing the April 14, 2005 trial date.  [*Id.*]  Moreover, the Court found no evidence that Bowman raised this issue at the time of trial.  [*Id.*]  On November 21, 2006, based on the above reasons, the Court of Appeals affirmed Bowman's conviction. [*Id.*]  *City of Middleburg Hts. v. Bowman*, 2006 Ohio 5582 (8th Dist. 2006).

Bowman then  appealed to the Supreme Court of Ohio on three grounds.  First, he challenged the authority of the City to enact the Ordinance.  [Doc. 16, Part 3.]  Second, he repeated his due process argument that the trial date change affected his ability to subpoena witnesses on his behalf. [*Id.*]  Bowman also drew attention to the subpoenas he did in fact execute on April 4, 2005 and the clerk's notice to "disregard the court date for April 12, April 13."  [*Id.*]  Bowman still failed to provide evidence that he reported his complaint to the court at the time of trial.  Finally, Bowman

-13-

Case No. 1:07-cv-00900
Gwin, J.

claimed the Ordinance was unconstitutionally vague.  [*Id.*]

The Supreme Court of Ohio responded: "Upon consideration of the jurisdictional memoranda filed in this case, the Court declines jurisdiction to hear the case and dismisses the appeal as not involving any substantial constitutional question."  [Doc. 5, Part 2.]  *Middleburg Hts. v. Bowman*, 864 N.E.2d 653 (2007).

Now Plaintiff raises two additional due process arguments.  First, Bowman argues that his self-representation at the criminal trial denied him due process.  [Doc. 19.]  Second, Bowman says the City failed to give him copies of the Ordinance violation tickets that others have received as he requested during discovery.  [*Id.*]

As described above, this Court must dismiss Bowman's claim if this claim necessarily implies the invalidity of a conviction unless Bowman can demonstrate that his conviction has been reversed on direct appeal, expunged by executive order, invalidated by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  In *Heck*, the Court held that

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (footnotes omitted).  These claims imply the invalidity of Bowman's conviction.  Failing to show that his convictions have been reversed, expunged, invalidated, or the subject of a habeas writ, he cannot

-14-

Case No. 1:07-cv-00900
Gwin, J.

bring this claim.

Even if Bowman could bring this claim, it would fail.  Plaintiff alleges no facts supporting a deprivation of liberty.  A City officer stopped and cited Bowman, and subsequently a jury convicted and fined him. There is no evidence of his or others' arrests or confinements.  Thus, Plaintiff must be alleging a deprivation of property in the form of his fine.

Bowman has received sufficient process to support this fine.  He had a jury trial and exercised his right to appeal twice.  His strongest argument was his inability to call the two witnesses he subpoenaed for the April 14, 2005 trial that the City changed to April 12, 2005.  [Doc. 19.]  Plaintiff says the Court of Appeals failed to take notice of the proof in the record that he had issued subpoenas for April 14, 2005 and that the clerk had told him to "disregard the court date for April 12, April 13." [Doc. 19.]  He believes the state courts never properly heard his argument deeming the Ordinance invalid because Bowman needed the two witnesses to challenge the validity of the Ordinance under Ohio law.

Whether the Ordinance satisfies Ohio law is a matter properly before and already addressed to the Supreme Court of Ohio.  *See Estelle*, 502 U.S. at 67.  Bowman has already presented his claims to the Ohio Supreme Court that he was denied due process at trial as described above and that the Ordinance is facially invalid under Ohio law.  Knowing as much about the change of trial date as this Court knows, the Supreme Court of Ohio described Bowman's claim as not "involving any substantial constitutional question." [Doc. 16, Part 3.] Thus, the Supreme Court of Ohio has already answered Bowman's question regarding the validity of the Ordinance under state law.  A Section 1983 claim cannot give Bowman relief from any state court error in the interpretation of state law.

-15-

Case No. 1:07-cv-00900
Gwin, J.

The due process arguments Bowman raises for the first time here fail as well.  First, self-representation is clearly not per se insufficient process, and Plaintiff alleges no other facts to suggest why his pro se status denied him due process.  In fact, given the limited information available to the Court, if the trial court had denied Bowman the right to represent himself, he would likely now have a valid constitutional claim.  *See Faretta v. Cal.,* 422 U.S. 806, 836 (1975) (holding that in forcing the defendant "to accept against his will a state-appointed public defender, the California courts deprived him of his constitutional right to conduct his own defense").

Second, Plaintiff should have raised any discovery problems during the discovery process according to the Federal Rules of Civil Procedure.  Plaintiff's own failure to challenge Defendant's discovery response is not a denial of due process.

Plaintiff Bowman's procedural due process claim fails because he has received sufficient notice and opportunity to be heard.  More important, this Court lacks authority to consider the claim, Bowman having failed to secure a reversal or other relief that upset his conviction.

**B. Class Plaintiffs Do Not State a Constitutional Claim Capable of Redress Under Section 1983**

Plaintiff Bowman sues the City in a class action.  [Doc. 1.]  He says, "There are questions of law and fact common to members of the class and the common questions clearly predominate over all questions affecting only individual members of the class."  [*Id.*]  Because Plaintiff Bowman alleges no facts besides those related to him and analyzed above, the class's Section 1983 claim fails as Bowman's has.

-16-

Case No. 1:07-cv-00900
Gwin, J.

**C. Court Lacks Jurisdiction to Hear Plaintiff's State Law Claims**

If a federal court determines that a case does not raise a substantial federal question, it must

remand the case.  28 U.S.C. § 1447(c).  The 1983 analysis above shows that Plaintiff Bowman

raises no substantial federal challenges.  Thus, this Court must remand Plaintiff's state law claims

found in Counts I, II, III, IV and VI.  [Doc. 1.]

### III.  Conclusion

For the reasons stated above, the Court **GRANTS** City's motion for summary judgment

and remands Plaintiff's state law claims.


Dated:  September 24, 2007                     s/                  *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE